15591

YOUMANS v. WEST ET AL.

(28 S. E. (2d), 47)

June, 1943.

498

*Mr. Fred H. Dominick,* of Newberry, S. C., Counsel for Appellants,

*Messrs. Blease & Griffith,* of Newberry S. C., Counsel for Respondent,

Counsel for Appellant,

November 30, 1943.

*Per Curiam:*

This Court is satisfied with the order of Honorable J. Henry Johnson, presiding Circuit Judge, from which this appeal is taken, and hereby directs that said order be reported as the opinion of the Court on the main issue.

Appellants' third exception is: "That his Honor erred in not holding that the decree of the Probate Court was *res judicata* as to all legatees under the will of James Henry West, deceased, for the reason that none of them appealed from the said decree except the said Carabel West Youmans, individually, and as executrix of the last will and testament of James Henry West, deceased."

On February 12, 1943, the Probate Judge for Newberry County issued his order directing the respondent, as executrix, to distribute all of the shares of stock of Kentucky Central Life and Accident Insurance Company, of Anchorage, Kentucky, to the persons named as legatees under Item 12 of the will of James Henry West, deceased, with the exception of the 111 shares to which Lillian West, had she been living, would have been entitled to receive; and five odd shares. Thereupon, the respondent, as executrix, filed her petition in the Probate Court asking the construction and

interpretation of the will of James Henry West, deseased, and all of the interested legatees under the will were given notice of the hearing to be had thereon, all of which is set out in the order of Judge Johnson.

The appeal from the order of the Probate Judge was by the respondent, individually, and as executrix of the last will and testament of James Henry West, deceased.

When the case on appeal in the Circuit Court was argued, no question was made by the appellants of the fact that the several legatees, except the respondent, as an individual, amongst whom the shares of stock would be divided, should it be decided that the stock did not pass under the will to Lillian West, had not served notice of appeal from the order of the Probate Judge, and therefore the issue now attempted to be raised in this Court was not passed upon by the Circuit Court. But, the appellants here contend that it is a question of jurisdiction, or lack of jurisdiction, and can be raised "at any time during the progress of the case, even for the first time in the Superme Court."

The appellants apparently lose sight of the fact that the respondent occupies a dual position, to wit, as an individual and as the representative of the estate of James Henry West; and as such representative of the said estate, has the possession and the legal title to the share claimed by appellants as the representatives of the esate of Lillian West. Moreover, it is the duty of respondent, as executrix, to see that the will of her testator is carried out as he intended it. So the Court has jurisdiction of claimants and the estate against which the claim is being made.

As aforesaid, when the appeal from the order of the Probate Court was argued in the Circuit Court, no question was made that the individual legatees who would be affected by the decision in that Court had not appealed. And when the Circuit Court decided that these legatees would take under the will their distributive share of the property which had been bequeathed to Lillian West under certain conditions

hereinbefore stated, no notice of appeal from the order of the Circuit Court was served upon these legatees, the appellants here treating the respondent as the representative of the estate of James Henry West.

This exception is also overruled.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES, and MESSRS. ACTING ASSOCIATE JUSTICES WM. H. GRIMBALL and L. D. LIDE.